**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: STEPHEN FLANAGAN; CHARLOTTE FLANAGAN, <br><br> Debtors, <br><br> ——————————————— <br><br> ROBERT KEETON, <br><br> Appellant, <br><br> v. <br><br> STEPHEN FLANAGAN, <br><br> Appellee. | No. 14-60019 <br><br> BAP No. 13-1188 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Jury, and Taylor, Bankruptcy Judges, Presiding

Submitted March 17, 2016[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Appellant Robert Keeton appeals a Ninth Circuit Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's decision to deny Keeton's nondischargeability claims against Appellee Stephen Flanagan for violating the Alaska Uniform Trade Protections Act ("UTPA") and the Alaska Securities Act, and for awarding prejudgment interest at the federal rate. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

**1.** The bankruptcy court did not err in concluding there was no violation of the Alaska UTPA. To prove a violation of the UTPA, Keeton must show "(1) that [Flanagan] is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred." *ASRC Energy Servs. Power & Commc'ns, LLC v. Golden Valley Elec. Ass'n, Inc.*, 267 P.3d 1151, 1158-59 (Alaska 2011); *see* A.S. § 45.50.471(a). Parties engage in trade or commerce when one party is a "business entity, regulated under the Department of Commerce," *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 534 (Alaska 1980), and when the parties purchase "goods and services in business-to-business commercial transactions as well as in individual consumer transactions." *Alaska Interstate Const., LLC v. Pac. Diversified Inv., Inc.*, 279 P.3d 1156, 1169 (Alaska 2012). Because neither Keeton nor Flanagan is a "business," and Keeton did not attempt

2

to purchase goods or services from Flanagan, they were not engaged in trade or commerce. Therefore, Flanagan did not violate the UTPA, and the bankruptcy court did not err in declining to award treble damages. *See Borgen v. A & M Motors, Inc.*, 273 P.3d 575, 583 (Alaska 2012) ("The [UTPA] provides for treble damages . . . to a prevailing plaintiff."). The BAP properly affirmed the bankruptcy court's denial of treble damages.

2. The bankruptcy court was not estopped from entering judgment in an amount less than $600,000. Based on the assumption that Keeton could prove an UTPA violation, the bankruptcy court presumptively ruled that the amount owed to Keeton was $600,000. At the end of the proceedings, however, the bankruptcy court found there was no legal basis for treble damages and that Keeton was legally entitled to only $200,000. There simply was no estoppel here. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."). Therefore, the BAP did not err in affirming the bankruptcy court's award of an amount less than $600,000.

3. Because the agreement between Keeton and Flanagan is not an "investment contract," the bankruptcy court did not err in denying Keeton's claim

3

for nondischargeability under 11 U.S.C. § 523(a)(19) for violating the Alaska Securities Act. An "investment contract" is a security that refers to "[a] contract, transaction or scheme whereby a person [1] invests his money [2] in a common enterprise and [3] is led to expect profit solely from the efforts of the promoter or a third party." *Am. Gold & Diamond Corp. v. Kirkpatrick*, 678 P.2d 1343, 1345-46 (Alaska 1984) (quoting *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 289-99 (1946)) (adopting the federal definition of an investment contract). The "common enterprise" prong requires only that the investor's financial interests be "inextricably interwoven" with those of the promoter or third parties. *Hentzner v. State*, 613 P.2d 821, 824 (Alaska 1980). The "managerial efforts" prong requires that an investor be led to expect profits from the essential managerial efforts of the promoter. *Am. Gold & Diamond Corp.*, 678 P.2d at 1346.

Keeton's loan was to be segregated from other funds and Keeton was to receive a guaranteed return regardless of Flanagan's success as a real estate investor. Keeton's financial interests were not inextricably interwoven with Flanagan's interests. Additionally, Flanagan's efforts to obtain bank guarantees or to complete the Redevelopment Project was not essential to the success of Keeton's interest-bearing loan. Therefore, the BAP did not err in affirming the

4

bankruptcy court's denial of the nondischargeability claim based on alleged violations of the Alaska Securities Act.

**4.** The bankruptcy court properly awarded prejudgment interest at the federal rate rather than the Alaska state law rate. If liability arises under state law, the court may award prejudgment interest under the state law rate. *In re Niles*, 106 F.3d 1456, 1463 (9th Cir. 1997). The federal rate, however, should govern "actions brought under federal statute, such as bankruptcy proceedings, unless the equities of the case require a different rate." *Banks v. Gill Distribution Ctrs., Inc.*, 263 F.3d 862, 871 (9th Cir. 2001). Keeton did not plead in his adversary complaint that the § 523(a)(2)(A) claim for nondischargeability based on false pretenses arose under Alaska law, and the bankruptcy court did not find any state law violations. The bankruptcy court applied federal law in finding false pretenses. Therefore, the debt arose under federal law, and the BAP did not err in affirming the bankruptcy court's award of prejudgment interest at the federal rate.

Costs on appeal are awarded to the Appellee.

**AFFIRMED.**